MICHAEL GERNON v. MARGARET HICKEY.

Two separate decrees are required for a divorce *a vinculo*, and a separation *a mensa et thoro*, preceding it.

When the main purpose of a suit is to be tried, either party has the right to require the case to be set down on the ordinary docket of suits, and tried in the ordinary way, under such averments as would authorize a judgment, unless the law prescribes that it be tried in a summary manner.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Roselius & Philips*, and *Campbell, Spofford & Campbell*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

HYMAN, C. J. In the year 1861, Michael Gernon brought suit against his wife, Margaret Hickey, asking in his petition for a decree of separation from bed and board from her, on account of her cruel treatment towards him. He further asked therein to have a decree of divorce from his wife, after the legal delay.

In the same year the Judge rendered judgment in favor of plaintiff, Gernon, decreeing a separation from bed and board between the parties.

In 1865, plaintiff had a rule served on defendant to show cause why a judgment of divorce, forever dissolving their matrimonial bond, should not be rendered in his favor.

Defendant filed exception to the rule, averring that the process by rule was irregular and illegal, and praying that the rule be dismissed.

The Judge, on the 14th of June, 1865, rendered judgment maintaining defendant's exception and dismissing the rule.

From this judgment plaintiff has appealed.

By the act relative to divorce, approved March 14th, 1855, and the act amendatory thereof, approved March 16th, 1857, the Legislature intended that, in a suit of the character instituted by plaintiff, two separate decrees of the Court might be rendered: 1. A decree of separation from bed and board; 2. A final decree of divorce after the lapse of a certain time from the decree of separation, provided no reconciliation took place between the parties. See 6 An. 262.

Although this was the intention of the Legislature, it made no provision that such a suit should be tried summarily or by different rules of practice than any other ordinary suit.

A final judgment of divorce was one of the chief purposes for which this suit was brought, and whether plaintiff can legally demand a judgment of divorce is not an incidental question arising in the suit.

When the main purpose of a suit is to be tried, either party has the right to require the case to be set down on the ordinary docket of suits and tried in the ordinary way, under such averments as would authorize

a judgment, unless the law prescribes that it be tried in a summary manner. C. P. 754 and 755.

The summary process by rule, pursued by plaintiff, would, if sustained, deprive defendant of this right.

Judgment of the District Court affirmed.