# CHARLESTON.

### HOLT *v.* TAYLOR *et al.*

#### Submitted January 29, 1897—Decided March 24, 1897.

1. COMMISSIONER IN CHANCERY—*Report of Commissioner.*
    Where questions of fact are submitted to a commissioner in chancery, his findings of such facts should be sustained, unless the court is satisfied from the evidence before the commissioner that such findings are erroneous, though such report is not entitled to as much weight as the verdict of a jury. (p. 160.)

2. COMMISSIONER IN CHANCERY—*Report of Commissioner—Appeal—Review of Report.*
    Where a master commissioner is required to state and report an account, and returns his report, to which exceptions are filed on the ground that the findings are not supported by the evidence, which exceptions are overruled, and an appeal is taken to this Court, and the testimony taken before the commissioner, together with the documentary evidence upon which said report was based, are made part of the record, this Court will look into said evidence, and, if satisfied it was insufficient to sustain the findings of the com-

missioner, and it appears that other testimony might have been adduced before the commissioner upon the questions submitted, will reverse the decree confirming said report with directions to recommit the account to a commissioner in order that further testimony may be taken, and the findings therein corrected. (p. 160.)

Appeal from Circuit Court, Braxton county.

Bill by H. A. Holt, commissioner, against J. C. Taylor and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

W. E. HAYMOND and CAMPBELL, HOLT & CAMPBELL, for appellant.

MORRISON & CORLEY for appellees.

ENGLISH, PRESIDENT:

Homer A. Holt was appointed a special commissioner at the June term, 1869, of the Circuit Court of Braxton county, in the chancery cause of F. C. Boggs *et al.* against David S. John *et al.*, to sell a tract of land containing five hundred and thirty-nine acres situated on Naul's creek, same county. In pursuance of said decree said special commissioner sold said real estate on the 2d day of September, 1869, to one John C. Taylor, for the sum of one thousand seven hundred and fifty dollars, who executed and delivered to him his three bonds bearing date September 2d, 1869, for the sum of five hundred and eighty-three dollars and thirty-three and one-third cents each, bearing interest from date, and due in six, twelve, and eighteen months thereafter, with George Williams, Allen S. Berry, Elias Cunningham, and Francis C. Boggs as his sureties. Said sale was confirmed at the September term, 1869, and said Holt was directed to withdraw and collect the sale bonds as they should respectively fall due. Said Taylor and his sureties having failed to pay said bonds when they fell due, said Special Commissioner Holt filed a bill in equity in the Circuit Court of Braxton county against said Taylor and sureties to enforce a collection of said purchase money, with its interest and costs, and praying that said land might be sold for cash, and the proceeds applied thereto. On the 2d day of September, 1871,

a decree was entered in the said cause directing the commissioner aforesaid to resell the land described in the said proceedings, and it appears from his report he did on the 1st day of June, 1872, sell a part of said land (lot No. 3, containing two hundred and seventy-four acres) to Isaac Fleming for the sum of two thousand and five hundred dollars,—one thousand dollars in cash, the purchaser executing his note with Samuel Armstrong as surety for the balance of the purchase money. Said notes were for five hundred dollars each, dated on the 3d day of June, 1872, and payable respectively, in one, two, and three years after date, with interest from date. After said sale was made, and before it was confirmed, said Special Commissioner Holt was elected judge of the circuit court of Braxton county, and, on account of his connection as a party with this litigation, could not preside as judge in any of its further proceedings, and F. J. Baxter was appointed a special judge to preside therein, and on the same day a decree was entered confirming said sale to Fleming, and substituting Marshall T. Frame as special commissioner in the room and stead of said Holt, and empowering and directing said Frame to withdraw and collect the sale bonds as they respectively fell due, and out of the proceeds thereof to pay first to said Holt, special commissioner, fifty-nine dollars commission, next the cost of suit, then to the plaintiff the money and interest theretofore decreed him, and the residue, if any, to John C. Taylor, the defendant. On the 26th day of August, 1885, on motion of Homer A. Holt, commissioner, a decree was entered in said cause by which the same was referred to W. F. Morrison, one of the commissioners of the court, to ascertain and report what, if anything, was comming to John C. Taylor out of the proceeds of said sale. On the 11th day of March, 1893, W. F. Morrison, commissioner, filed his report, wherein he stated the account of Holt as special commissioner from the date of the sale to Fleming on June 3, 1872, to March 20, 1893, without taking into consideration the fact that Holt was relieved as said special commissioner, and Frame substituted in his place on the 21st day of March, 1874, finding there was a balance due said Taylor, as of March 20, 1893, of four hundred and fifty-five dollars and eighty-four cents. This report was also excepted to by Homer A.

Holt, and on the 4th of September, 1893, the matter was recommitted to Commissioner Morrison with directions to reform his report in certain particulars specified in said decree, requiring him to report any matter deemed pertinent by either party. On the 25th of August, 1894, said commissioner filed another report, restating the account just as if Holt had remained commissioner to the time of taking the same. He also stated an account of M. T. Frame as commissioner. By the first statement he ascertained the balance against Holt, special commissioner, as of August 27, 1894, of three hundred and forty-nine dollars and ninety cents; and by the second he ascertained there was an over-payment on the part of Frame, as commissioner, to J. C. Taylor, as of January 27, 1877, two dollars and three cents. To this last report said Holt also filed his exceptions in writing, and on the 1st day of May, 1895, said exceptions were over-ruled, the report confirmed, and said Holt ordered so pay to John C. Taylor the sum of three hundred and forty-nine dollars and ninety cents, with interest from that date, and the costs of said two reports of Commissioner Morrison. From this decree said Holt applied for and obtained this appeal.

In order to arrive at a correct conclusion upon the question presented in this cause, it is well to consider first the fact that from a decree entered therein on the 21st day of March, 1874, it appears that Homer A. Holt on that day submitted a report of sale in pursuance of a decree rendered on the 2d day of September, 1871, from which it appears that on the 3d day of June, 1872, he sold lot No. 3 to one Isaac Fleming for the sum of two thousand five hundred dollars, one thousand dollars of which was paid in hand, and for the residue—one thousand five hundred dollars—he took three bonds of five hundred dollars each, bearing date June 3, 1872, and due, respectively, in one, two, and three years thereafter, with Samuel Armstrong as surety, which bonds were returned with said report, and said decree of sale was confirmed, and said Holt, as commissioner, was allowed for his services the sum of fifty-nine dollars; that on the same day Marshall T. Frame, who was appointed a commissioner for the purpose, was required to give bond in the penalty of three thousand dollars before the clerk of the court, and authorized to

collect said sale bonds as they fell due, paying first said commission to said Commissioner Holt, and then the costs of the suit, next to pay the plaintiff the sum decreed him, and the residue, if any, to John C. Taylor; and said Commissioner Frame was authorized, upon the payment of the purchase money, to execute a deed of conveyance to the purchaser of the aforesaid land, reserving a lien for the payment of the purchase money. Thus it appears that Commissioner Holt returned the bonds taken for the purchase money with his report to the court, and then Commissioner Frame was substituted, and he alone was authorized to withdraw and collect said bonds, and he executed a bond conditioned to the faithful performance of his duty; so that, so far as appears from the record, said Commissioner Frame was the party authorized to control and collect said bonds, and to him the parties in interest have a right to look for the proceeds of said bonds. The fact that said three bonds for five hundred dollars each, taken by said Commissioner Holt, were returned to the court also appears from the report of sale filed by said commissioner. By the first report made by Commissioner W. F. Morrison, to whom the cause was referred, it was ascertained and found that the balance due John C. Taylor on the 20th of March, 1893, was four hundred and fifty-five dollars and eighty-four cents. This report was excepted to by Homer A. Holt, formerly commissioner, in so far as he was charged with amounts paid by purchaser or purchasers of land after the time of the appointment and substitution of M. T. Frame as special commissioner in the cause, 21st of March, 1874, because it appeared said amounts were and must have been paid to said Frame, special commissioner, and said Holt was not, as commissioner or individually, responsible therefor; and he especially excepted to the item of one thousand dollars and interest thereon, amounting to two hundred and seventy-nine dollars and thirty-three cents, as of January 29, 1877, in the account stated by said W. F. Morrison, because said M. T. Frame, commissioner, was chargeable therewith, and not said Holt. On the 4th day of September, 1893, a decree was rendered recommitting said account to Commissioner Morrison, with instructions to make a statement of the money received and disbursed in said cause by said

Holt, commissioner, and by said Frame, commissioner, respectively; and said commissioner found by his report there was due from said Holt to John C. Taylor three hundred and forty-nine dollars and ninety cents as of August 27, 1894, and that four dollars and seventeen cents was due from John C. Taylor to M. T. Frame. To this report said Homer A. Holt filed an exception, alleging as ground for the same that interest was charged against him, as such commissioner, improperly, by the said W. F. Morrison, and because there was no proof showing the liability of said Holt to said Taylor for any sum, and because there was no evidence to warrant the conclusion by which said commissioner reports M. T. Frame, commissioner, as having settled all funds in his hands, and because said commissioner had not properly stated his account as between Holt, as such commissioner, and M. T. Frame, who was substituted as commissioner in place of said Holt, and, if there was any balance of the fund referred to in said report, to which John C. Taylor was entitled, it was in the hands of the substituted commissioner, who collected the last installments of the purchase money, and because in no event should he be charged with the interest which said Commissioner Morrison charged up in said report, and because it appears therefrom that the said commissioner has charged the said Holt, as commissioner, with the interest, by the rule of partial payments, crediting sums at dates on which said commissioner supposed said Holt to have made application of funds, and charging interest on the balance supposed to be in the hands of said Holt, treating the matter as a debt owed by said Holt as an individual, charging interest to dates of supposed credits according to legal rule of interest applying between debtor and creditor in cases of partial payment. As before stated, this exception was over-ruled by the court, and the report was confirmed, and said Holt was directed to pay to John C. Taylor said sum of three hundred and forty-nine dollars and ninety cents, the balance found due from him, and costs.

Did the court err in overruling said exception, and sustaining the finding of said commissioner? In determining this question we look first at the character of the evidence upon which said report was based, and find that several of

the credits given to said Frame as commissioner were based upon checks and orders and receipts which are in no manner shown by the evidence to have any connection with the payment by said Commissioner Frame to such parties as he was directed to disburse the same by the decree substituting him as commissioner as aforesaid.

No effort appears to have been made by said Commissioner Morrison to bring before him either M. T. Frame, or Homer A. Holt, or John C. Taylor, or to take the depositions of said parties, who it might well be supposed could, by their evidence, have thrown the most light upon the status of accounts between said Commissioners Holt and Frame and John C. Taylor during the long period that said account was pending before him, but said commissioner appears to have arrived at his conclusions by inferences, by letters, and by vouchers, which were not of such character as to authorize him legally to base his conclusions thereon. It is also claimed by counsel for Holt, commissioner, as we think properly, that said Commissioner Morrison erred in charging said Holt as commissioner with the two items of thirty-five dollars and sixty-four cents and forty-eight dollars and forty-eight cents, with their interest, representing two payments of eighteen dollars and twenty-eight cents and twenty-five dollars, with their accrued interest, made by John C. Taylor on a judgment that one White held against him, and subsequently paid a second time by M. T. Frame, special commissioner, out of trust moneys in his hands belonging to Taylor,—a transaction with which said Holt had no connection; and it is impossible to conceive why said Holt should be charged with the amount. Again, it is difficult to perceive upon what theory the commissioner charged said Holt with the first and second installments of the purchase money, amounting to five hundred dollars each, with interest thereon from the date of their execution, when it nowhere appears in the record that said Holt was authorized to receive or collect said deferred installments after the appointment of said M. T. Frame as special commissioner in the room and stead of said Holt, or that he did collect them; but, on the contrary, it appears that Commissioner M. T. Frame was authorized and directed to withdraw the bonds taken for said deferred installments, and collect them.

The rule in regard to the recommittal of the commissioners' reports where they have been confirmed has been laid down by this Court in the case of *McGuire* v. *Weight*, 18 W. Va. 507 (point 4 of syllabus), where it is held: "Where questions of fact are submitted to a commissioner in chancery, his findings upon such facts should be sustained unless the court is satisfied from the evidence before the commissioner that such findings are erroneous, though such report is not entitled to as much weight as the verdict of a jury." And again in the case of *Reger* v. *O'Neal*, 33 W. Va. 159 (10 S. E. 375) (point 3 of the syllabus), where it is held that: "Where questions purely of fact are referred to a commissioner, his findings will be given great weight, though not as conclusive as the verdict of a jury, and should be sustained unless plainly not warranted by any reasonable view of the evidence. This rule operates with peculiar force in an appellate court when the findings of a commissioner have been approved by the court below." The law in regard to the recommitment of reports is thus stated in 4 Minor, Inst. pt. 2, p. 1503: "Where exceptions are sustained, it will often be necessary, in order to attain the justice of the case, to remit the cause to the commissioner, either to take further testimony to restate the accounts, or otherwise to bring before the court more perfect materials for its determination. * * * And so, where the exception is sustained on the ground of an allowance of a demand upon insufficient testimony, it is proper practice not to pronounce a final decree, but to recommit the report to the commissioner for further evidence and inquiry." Barton, in his Chancery Practice (volume 2, p. 655, §202), propounds the law as follows: "The failure of the master commissioner fully to report on the subjects referred to him; the vagueness and uncertainty of the report; the allowance of a claim upon insufficient testimony, where there is reason to suppose that more evidence can be adduced; the return of the report before all the evidence is in, a good excuse being given for the delay; and the fact of the commissioner having exceeded his authority,—have all been determined to be good reasons for recommitting reports, even where there are no exceptions, and the same result often follows where exceptions are sustained, although this is not always

the case, for, upon exception or exceptions being sustained, the court may modify the report without sending it back to a commissioner." See, also, the case of *Williams* v. *Donaghe's Ex'r*, 1 Rand. 300, where it is held that : "Where an exception to a commissioner's report is correctly sustained by the court upon the evidence produced, yet, if there is good reason to believe that other evidence might be produced, to. give the case a different result, and that such evidence has been withheld in consequence of the commissioner's having allowed the item, the court of chancery ought not to pronounce a final decree, but to recommit the account for further evidence and inquiry." In the case we are considering, the report of the commissioner was excepted to, exception overruled by the court, and the evidence upon which the commissioner's report was based is before us as a part of the record, and an examination of said evidence leads me to the conclusion that it was entirely insufficient to warrant the findings of the commissioner, and it is apparent from the circumstances of the case shown by the record that other and more satisfactory testimony and documentary evidence might easily be obtained. And for the further reason that much of the documentary evidence, evidently relied upon by the commissioner, does not appear from its face, or by any extraneous testimony, to be any evidence upon the questions submitted to said commissioner, or in any manner connected therewith, the decree confirming said report must be reversed, and the cause remanded, with directions to recommit said report to the commissioner, in order that proper evidence may be brought before him upon the question submitted, and a proper conclusion arrived at, with costs to the appellant.

*Reversed.*