On Rehearing.
NICHOLLS, J.
Defendant’s attorney in his application for a rehearing takes the position that the proceedings herein were irregular,, null, and void; it appearing from the record that no petition for a judgment of divorce a vinculo matrimonii was ever filed herein, nor any citation served on defendant in such proceedings. He said:
“The obtaining of a judgment of separation-from bed and board does not of itself authorize the court 12 months thereafter to grant a final divorce a vinculo matrimonii, but the proceedings for final divorce must be carried on contradictorily with the defendant, and must be accompanied by a petition and citation addressed to the defendant in order that she might be afforded an opportunity of showing that a reconciliation has taken place, or of having a hearing on this issue of fact.
Under our Civil Code the proceedings for a separation from bed and board are separate- and distinct from the proceedings for a divorce a vinculo matrimonii, and the one-is not a mere continuation of the other. Hence, where a judgment of separation from bed and board has been obtained, it is not sufficient for the party obtaining it to go 1 into court 12 months thereafter, and by ? proof of the fact that no reconciliation had 'taken place, obtain a judgment of divorce. The party defendant must be cited to answer this new • demand; the judgment of separation from bed and board being the mere basis for final judgment of divorce. The defendant is entitled of right to be notified of this new demand and to be accoraed an opportunity to be heard on the-issues of fact therein raised.
A mere examination of the record in this case will show that no petition for final divorce was ever filed nor citation served on the defendant in any such proceeding and-that the judgment of divorce herein rendered *202 was obtained without any proceedings taken contradictorily with the defendant, and was therefore absolutely null and void.
In view of the premises, defendant and appellant prays that she “be granted a rehearing in the above numbered and entitled cause, and that the judgment rendered by this court, as also that of the district court, be annulled, rescinded, and set aside, at plaintiff’s costs in both courts.”
An examination of the record sustains these allegations.
The transcript in the present ease is made up of the proceeding's in the suit for separation of bed and board up to and including the judgment of separation followed immediately without other pleadings, or proceedings by testimony adduced, showing that a year had elapsed since the judgment with no reconciliation between the spouses. This is followed at once by judgment of divorce. The judgment rendered under such circumstances and conditions cannot be sustained. See Gernon v. Hickey, 18 La. Ann. 454.
The present case was submitted to the •court without appearance or brief on the part of either attorney, and the record showing that a judgment of separation from bed and board had been obtained, and a year had elapsed thereafter, without reconciliation between the spouses, followed by the judgment of the district court, granting a final judgment in favor of plaintiff for divorce, the court very naturally concluded that the appeal had been abandoned by defendant’s attorney and in consequence did not ■scrutinize the proceedings therein very closely, acting on the presumption of omnia rite. It was certainly warranted in doing so, and we have to express our disapprobation of the course pursued by defendant’s attorney in not presenting the facts of the case originally instead of holding them back to be brought forward on rehearing.
In view of the peculiar character of this •case, and of the circumstances, we have to depart from our established rule in not allowing counsel to postpone his objections until rehearing. We are therefore compelled to reverse the judgment heretofore rendered in this case, and it is now so ordered. It is further ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby annulled, avoided, and reversed at plaintiff’s costs in both courts.