## CHARLESTON.

### COOPER *v.* BENNETT.

Submitted January 12, 1911. Decided December 12, 1911.

1. EQUITY—*Depositions—Time of Taking.*
   Except by consent of parties, depositions for use as the basis of a final decree cannot be taken before the exoution of process or appearance or filing of the bill. (p. 112).

2. PROCESS—*Suit in Equity—Notice.*
   The summons and proceedings at rules cannot be dispensed with by notice of intention to apply to a court of equity for a final decree. (p. 112).

3. EQUITY—*Dismissal—Irregularity in Taking Depositions.*
   If depositions improperly taken are excepted to, the court should expressly pass upon the exceptions, sustain them, and then allow the depositions to be re-taken, if they disclose the existence of evidence likely to sustain the bill, when put in proper form. In such case, dismissal of the bill as upon the merits is erroneous. (p. 113).

Appeal from Circuit Court, Randolph County.

Bill by James Cooper against A. J. Bennett and others. Decree for defendants, and complainant appeals.

*Reversed and Remanded.*

*J. W. Harman,* for appellant.

*W. E. Baker* and *W. B. Maxwell,* for appellees.

POFFENBARGER, JUDGE:

Desiring an injunction to vindicate his alleged right to a private way over the lands of A. J. Bennett, Robert Bazzle and Marcus Bazzle, James Cooper, on the 7th day of February, 1910, gave said parties a written notice, accompanied by a copy of his bill in equity, of his intention to present the bill to the circuit court of Randolph county, on the 17th day of February, 1910, and then and there ask for an injunction upon the same in accordance with the prayer thereof, compelling them to remove certain obstructions to the road and enjoining them from further obstructing the same, and also of his intention to take depositions to sustain the allegations of his bill on the 10th day of February, 1910. Pursuant to this notice he took the depositions of his witnesses on said 10th day of February, and, on the 28th day of that month, filed his bill in court, accompanied by the depositions so taken. The defendants appeared and excepted to the depositions, because taken before the cause had reached a stage authorizing such action. On the filing of the bill and depositions, the defendants appeared and entered their demurrer and filed their joint and separate answers, and the court gave time to mature the cause for hearing. No summons was issued in the cause until March 29, 1910. At April rules, what is called a general and special replication to the answer was filed, and, on the 17th day of August, 1910, the court entered a decree dismissing the bill, from which the plaintiff has appealed.

The decree appealed from says the cause came on that day to be finally heard upon the bill, exhibits, affidavits filed therewith, exceptions to said affidavits, answer of the defendants and replication thereto. The depositions taken and filed were thus described and evidently treated as affidavits, and, instead of expressly passing upon the exceptions thereto, the court dismissed the bill as upon the merits. It is said this in effect overruled the demurrer and the exceptions and treated the depositions, though described as affidavits, as having been properly taken, and, as the decree was favorable to the de-

fendants, they make no complaint of the overruling of the demurrer and exceptions, if such is the legal result. Insisting upon the sufficiency of the depositions in form and substance and the propriety of overruling the exceptions, the plaintiff seeks reversal of the decree of the court below and a decree here giving him the relief sought.

The exceptions should have been sustained. Technically, there was no suit pending when the depositions were taken. No summons was issued, no bill had been filed and there had been no appearance. For the purposes of a preliminary injunction, affidavits may be filed in support of the allegations of the bill and depositions taken as these were might be treated as affidavits. But, offered here as the basis of a final decree, they are insufficient. *Hager* v. *Melton,* 66 W. Va. 62. For the purposes of a preliminary injunction, a notice and presentation of the bill to the judge or court are sufficient, but they cannot be substituted for the summons or appearance and the filing of a bill, in the acquisition of an ordinary decree. For such a decree, or final relief, a bill must be matured and proceeded with regularly, even though the relief desired is only an injunction by way of final decree or the perpetuation of a provisional injunction. We know of no statutory or other authority for the taking of depositions before the formal commencement of a suit. "The cause must have been set for hearing before the depositions are taken, and the person to be affected by them must be then a party to the suit." Barton's Ch. Pr., p. 785. The rule thus stated may be too strict, and it may be, and probably is, permissible to take depositions after the filing of the bill; but there must necessarily be a pending suit within the meaning of the law relating to regular proceedings. A preliminary injunction is an extraordinary proceeding in which the statute dispenses with some things indispensable in regular proceedings. Section 3 of chapter 133 of the Code, relied upon here to sustain the depositions, applies to provisional injunctions only.

As the depositions taken indicate the existence of evidence strongly tending to sustain the allegations of the bill, and the cause was submitted, without having had the exceptions first passed upon by an express ruling, we think the case falls within

the principle of *Hager* v. *Melton,* cited, calling for a reversal of the decree and a remand of the cause, with leave to the plaintiff to take the proof he appears to have. For other applications of the principle, see *Love* v. *Tinsley,* 32 W. Va. 25; *Holt* v. *Taylor,* 43 W. Va. 153; *Hilton* v. *Hilton,* 1 Grat. 161; *Cropper* v. *Burton,* 5 Leigh 428; *Duff* v. *Duff,* 3 Leigh 323; *Miller* v. *Argyle's Exrs.,* 5 Leigh, 460; and *Sitlington* v. *Brown,* 7 Leigh 271. Dismissal under the circumstances here shown operated as a surprise upon the plaintiff and subordinated substance to shadow. The action of the court compelled him to hazard his whole case on his judgment as to the sufficiency of his proof in point of form only. Besides the decree is equivocal. The exceptions may be appealed to in support of it or in condemnation thereof, according to the interest of the party. From one point of view it is a decree upon the merits, and, from another, it is not. Hence the losing party is unable to say with certainty upon what ground he lost his case.

For these reasons the decree will be reversed, the exceptions to the depositions sustained, and the cause remanded with leave to the plaintiff to take evidence to sustain his bill.

*Reversed and Remanded.*