# CHARLESTON.

## DIXON v. DIXON.

### Submitted September 12, 1912.   Decided October 21, 1913.

1. DIVORCE—*Application for Absolute Decree—Practice.*

   An application, under §13, Ch. 64, Code, for an absolute divorce, subsequent to a decree of divorce *a mensa et thoro*, must be by petition or bill averring grounds for relief, and upon the usual process and proceedings at rules, as prescribed by the ordinary principles of equity practice.   (p. 9).

2. DEPOSITIONS—*Admission in Evidence—Divorce.*

   Depositions taken before the filing of the bill or other pleading, and before process or appearance, can not be read on the final hearing of a cause.   They should be suppressed on the motion of the opposite party.   (p. 12).

3. HOLIDAYS—*Taking Depositions—Admission in Evidence—Notice.*

   Nor can depositions taken on a legal holiday, under a notice specifying that day, be read on final hearing, except with the consent of parties; the notice, by virtue of Ch. 15L, Code, being taken to intend the following day.   (p. 12).

(MILLER, JUDGE, absent).

Appeal from Circuit Court, Fayette County.

Proceeding by Samuel Dixon against Annie Dixon.   From decree for plaintiff, defendant appeals.

*Reversed and Remanded.*

*Osenton & Horan* and *Couch & Briggs,* for appellant.

*Dillon & Nuckolls,* for appellee.

LYNCH, JUDGE:

This is a proceeding instituted by plaintiff, under §13, Ch. 64, Code, for an obsolute divorce, pursuant to a prior decree granting him a divorce *a mensa et thoro*. From a decree awarding the relief sought, the defendant appeals. By her assignments of error, she presents two interdependent questions for determination: whether the circuit court had jurisdiction to pronounce the decree complained of; and whether the depositions read on behalf of plaintiff should have been suppressed as irregularly taken.

As disclosed by the record, the original suit was instituted in April, 1903. A final decree therein was entered October 1, 1904, granting plaintiff a limited divorce, awarding to each parent custody of certain of the minor children, and making provision for alimony of one hundred dollars per month. It was "further ordered that the plaintiff pay the costs of this suit and that the same be stricken from the docket". Apparently, there was neither pleading nor proof sufficient to support this decree. But, no appeal having been taken therefrom, it can not now be disturbed. *Chapman* v. *Chapman*, 70 W. Va. 522. Nothing further was done in the cause until September 1, 1911, when the plaintiff caused to be served upon the defendant two notices—one that he would, on the 19th of that month, apply to the circuit court "for an absolute divorce from the bonds of matrimony"; the other, that he would, as he in fact did, on September 4th ensuing, take depositions in support of such application.

On the day designated in the first notice, the defendant appeared specially and moved to quash the notice "on the ground that there was no suit pending." The motion was overruled. The defendant then moved to suppress the depositions of defendant, filed on the previous day; but that motion was likewise overruled. "Thereupon," as the order of the court of September 19th recites, "the plaintiff tendered his said petition and application for an absolute divorce from the defendant, notice of which has been duly served on the defendant, which said notice and petition are ordered filed." The petition recited the former proceedings in 1904, averred compliance by

plaintiff therewith and the absence and improbability of a reconciliation, and prayed for an absolute divorce. By the same order, the court, without further pleading or proof, granted the prayer of the petition, and "decreed that the said plaintiff continue to carry out, perform and comply with the said decree of October 1, 1904, in respect to the support and maintenance of the defendant and in all other respects."

Appellant assigns only two grounds of error, either of which, in our opinion, warrants reversal of the decree entered September 19, 1911: first, lack of proper notice; and, second, the court's refusal to suppress plaintiff's depositions.

The only information afforded appellant of the relief sought was an informal, unofficial notice, signed by appellee; that on the day named he would ask a decree for absolute divorce from her. It did not summon her to answer any pleading filed or to be filed. No pleading was in fact tendered or filed, until the day and at the time of the entry of the decree granting relief. The appellee seeks to defend this informal method on the ground that the statute does not specifically require any process or pleading; that it only requires an "application." It is true, there is no prescribed procedure, no definite direction in the statute. But its failure to prescribe or direct does not authorize each suitor to determine for himself, contrary to the regular and orderly procedure, the course he may pursue to attain his purpose. Such liberality would be subversive of and discordant with all the requirements of orderly procedure, and therefore can not be tolerated. All proceedings for divorce, or the annulment or affirmation of marriages, are to be by suits instituted and conducted as other suits in equity, with the exception noted in §§ 7 and 8, Ch. 64, Code. Therefore, the rules of chancery practice must be observed; otherwise the proceedings are abortive. "It is within the power of courts, in administering statutes, to adopt such practice or procedure as will attain the ends of justice, avoid surprise, and give parties opportunity to answer charges seeking to impose liability upon them. Where a statute allows a judicial proceeding to a man's prejudice, though it do not provide for notice, it is understood to intend it, as no judgment can be given under it without process, and process is necessary. The statute does not dis-

pense with notice." *Goff* v. *Price,* 42 W. Va. 384, 389; *Cooper* v. *Bennett,* 70 W. Va. 110; *Railroad Co.* v. *Railroad Co.,* 17 W. Va. 812.    When thus speaking in the Goff case, Judge BRANNON had under consideration the provisions of § 35, Ch. 125, Code, allowing answers to be filed as cross bills setting up new matter and praying relief thereon, the section being silent as to notice. Again, it has been said that "at the door of every temple of law in this broad land stands justice with her preliminary requirements upon all administrations."    So that, except where a statute definitely provides the necessary procedure, the courts will adopt that which will best serve the legislative intent and protect the personal and property rights sought to be affected. As was said in *Phillips* v. *Phillips,* 24 W. Va. 591: "Where a petition is filed in a divorce case, under § 11, Ch. 64, Code, unless the defendant to the petition appears thereto in court, it should be sent to rules for process to be issued thereon and to be matured for hearing."    There, the court was dealing with the rights of parents to the custody of their minor children subsequent to the dissolution of marriage.    The course pursued was by petition, as prescribed; but the court found in the section a requirement for process to answer pleadings at rules and the usual proceedings thereat.    Again, in *Railroad Co.* v. *Railroad Co., supra,* this court said: "Where a statute authorizes a legal proceeding against anyone, and does not expressly provide for notice to be given, it is implied that an opportunity shall be offered him to appear in defense of his rights, unless the contrary clearly appears."    It there discusses the necessity for notice to the landowner in proceedings to condemn a right of way for a railroad.    In the opinion at page 835, the court held that "it is an essential principle of natural justice that every man have an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial determination of the question." "The summons and proceedings at rules can not be dispensed with by notice of an intention to apply to a court of equity for a final decree." *Cooper* v. *Bennett, supra.*    Nelson on Div. & Sep., § 815, likewise holds that where statutes relating to divorce contain no special provision concerning the notice in

divorce suits the summons must conform to the statutes or provisions of the code relating to suits in general.

By notice in the cases cited is meant process to answer some pleading stating some grounds. as a basis for relief, some charge, which the defendant as advised may admit or deny, or against which he may present some counter charge or claim, thus demanding from his adversary full and competent proof; and not ordinarily a mere notice prepared, signed and served by the plaintiff or at his instance, as in this case, of a motion in anticipation, without such pleading, except where the statute expressly authorizes that course, as of a motion for judgment under § 37, Ch. 86, Code, or as now in condemnation proceedings.

Besides, the original cause had long since terminated. It was not thereafter reinstated on the docket for any purpose, not even at the date of the last decree. A final decree ends the cause—puts it out of court. After adjournment of the term, no further order as to the parties can be made therein, unless they are again brought into court by some recognized legal method. *Green* v. *Railroad Co.*, 11 W. Va. 686; *Ruhl* v. *Ruhl*, 24 W. Va. 279; *Barbour* v. *O'Neal*, 42 W. Va. 295. They can not be reassembled by a mere notice from one to the other, as undertaken by the plaintiff—a method not sanctioned by any authority cited by appellee or found on this examination. On the contrary, as noted, it is against authority, here as well as elsewhere. An application by a party who has obtained a limited divorce for a divorce from the bonds of matrimony is a new proceeding, requiring notice to the adverse party, and a hearing by the court. *Garnett* v. *Garnett*, 114 Mass. 379; *Graves* v. *Graves*, 108 Mass. 314; *Edgerly* v. *Edgerly*, 112 Mass. 53. The statute construed in these cases, as appears reasonably certain, is similar to ours; and in each of them there was a petition and personal service of process. Where the object of the suit is to obtain a final decree of divorce, either party has the right to require the case to be set down on the ordinary docket of suits and tried in the ordinary way, under averments such as would authorize a decree. *Donato* v. *Frillot*, 116 La. 199, 40 So. 634. The court said: "Under our Civil Code the proceedings for a separation from bed and board are separate and distinct from

the proceedings for a divorce *a vinculo matrimonii,* and the one is not a mere continuation of the other. Hence, when a judgment of separation from bed and board has been obtained, it is not sufficient for the party obtaining it to go into court twelve months thereafter and by proof of the fact that no reconciliation has taken place obtain a judgment of divorce. The party must be cited to answer this new demand; the judgment of separation from bed and board being the mere basis for final judgment of divorce. The defendant is entitled of right to be notified of this new demand and to be accorded an opportunity to be heard on the issues of fact therein raised." *Jurgielewiez* v. *Jurgielwiez,* 24 La. 77, holds that "a judgment of divorce *a vinculo matrimonii,* rendered on a rule taken by one of the parties on a judgment of separation from bed and board, is absolutely null and void, if the opposing party has not been cited nor has appeared to defend the suit." The court in the opinion says: "The judgment is a nullity, because the defendant was not legally cited." The same procedure and holding are found in *Gernon* v. *Hickey,* 18 La. 454. See also *Graves* v. *Graves, supra; Hill* v. *Hill,* 82 N. E. (Mass.) 690.

Our conclusion also is, as stated, that the court erred in refusing to suppress the depositions taken on notice to defendant. As we have seen, there was nothing to prove. No pleading of any character had been filed, no affirmations made, no cause of action asserted, no effort for reconciliation alleged nor its improbability stated. What was there to prove? We need only cite *Cooper* v. *Bennett,* 70 W. Va. 110, which, although an injunction suit, discusses the right to read on final hearing depositions taken before the bill was filed. There it is said: "Technically, there was no suit pending when the depositions were taken. No summons was issued, no bill had been filed, and there had been no appearance." See also *Goldsmith* v. *Goldsmith,* 46 W. Va. 426; *Edgell* v. *Smith,* 50 W. Va. 349; *James* v. *Pigott,* 70 W. Va. 436.

Against the reading of the depositions filed in the case, appellant also properly urges irregularity, in this: that they were taken on the 4th of September, that day being the first Monday of the month and therefore, under Ch. 15L, Code, a holiday.

The provisional clause of the chapter seems to indicate that, while the notice on its face names the 4th as the return day, the return day was in fact on the 5th of September. That clause provides that "when the return day of any summons or other court proceeding, or any notice, or the time fixed for the holding of any court or doing any official act, shall fall on either of said holidays, the next ensuing secular day shall be taken as meant and intended."

We therefore reverse the decree, and remand the cause for further proceedings, in accordance with the principles herein announced.

*Reversed and Remanded.*