# CHARLESTON.

BENJAMIN OWENS *v.* ARTHUR B. EVANS *et als.*

(No. 5930)

Submitted September 8, 1927.   Decided September 13, 1927.

INJUNCTION—*Where Process Was Issued Prior to Hearing Motion to Dismiss Injunction Suit for Lack of Process, Dismissing Bill Held Error.*

Where a proper case for injunction has been made, it is error to dissolve the injunction and dismiss plaintiff's bill, even though it be without prejudice, on a formal motion of the defendant, unaccompanied by affidavit or answer, for failure to issue process, where it appears that plaintiff came in and had process issued prior to the hearing on said motion.  The proceeding, at the time of the hearing on the motion to dismiss, appearing to be regular, and defendant having made no showing on the record, by affidavit or otherwise, that present conditions differ materially from those which obtained at the time of the granting of the injunction, plaintiff should not be subjected to the inconvenience of instituting a new injunction proceeding.

(Injunctions, 32 C. J. § 687.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Brooke County.

Suit by Benjamin Owens against Arthur B. Evans and

others for an injunction. From an order dissolving a mandatory injunction and dismissing plaintiff's bill, plaintiff appeals.

*Reversed, and cause reinstated.*

*Pinsky & Mahan,* for appellant.

*R. L. Ramsay* and *W. S. Wilkin,* for appellee Arthur B. Evans.

Woods, Judge:

This appeal is taken from an order of the circuit court of Brooke county dissolving a mandatory injunction, granted by two members of the Supreme Court of Appeals, and dismissing plaintiff's bill. The bill, which was first presented to the judge of the circuit court of Brooke county, in vacation, prayed for an injunction, restraining, enjoining and inhibiting defendant Evans from erecting any obstruction on a certain public highway, known as the "May Road", in and leading into the City of Follansbee, and enjoining his interference with travel on the said road, and commanding defendant to at once, remove obstructions placed by him in said roadway. It alleges, in substance, that said highway has been used as such time out of memory; has never been abandoned; that defendant has willfully blockaded same; that plaintiff, together with other property owners, and the public generally, have, by reason of such obstructions, been deprived of the use of same; that many school children are required by reason of said blockade to use a more circuitous and hazardous route; that there has been gun-play as a result of the defendant's untenable position and attitude; that unless relief is afforded serious consequences will follow the usurpation of said public highway. Thus, under our decisions, the facts stated present such a case of necessity and extreme hardship as warrants the issuance of a mandatory injunction before the final hearing.

The record presents two questions, namely, (1) Was there such an appearance on the part of the defendant as would waive the issuance and service of process; and (2) if not, did the circuit court err in refusing to docket the bill and its

exhibits after process had been issued, no answer having been filed? The order made in vacation, refusing an injunction recites that the defendants appeared by their attorneys and resisted the application for injunction. This action on their part constituted, according to the contention of the appellant, such an appearance as would waive the issuance and service of process. Such appearance was held by the Mississippi Supreme Court to not be a general appearance. The court there held that this action on the part of the defendant did not constitute the formal entry of appearance which is required by the common law. The common law required such entry of record in term time only. *Chewning* v. *Nichols, Smedes & Marshall's Chancery* (Miss.) 122. Our decisions tend toward changing the rigor of the common law rule. In *Lamp* v. *Locke,* 89 W. Va. 138, the court quoted the following from *Cooper* v. *Bennett,* 70 W. Va. 110, 112: "A preliminary injunction is an extraordinary proceeding in which the statute dispenses with some things indispensable in regular proceedings." In the *Lamp* case it was held that the appearance of defendants to resist the motion for injunction was an appearance to the bill, and they were entitled to demur and answer, if they deemed it advisable. They waived the maturity of the bill. However, the precise question in the instant case is not met there, for the defendants in that case did not alone resist the motion for injunction but entered a formal demurrer to the plaintiff's bill that it was not sufficient in law. "This", said Judge LIVELY, speaking for the Court, "was clearly a demurrer. The Court properly treated it as such." But under the view we take of the second question raised by the record in the instant case, we are not called upon to decide the question of the effect of the appearance here.

According to the record, the bill for injunction was exhibited to the circuit judge, in vacation, July 13, 1926, and the injunction refused. Application to two of the Judges of this Court was successfully made, July 20, 1926. While it appears that a notice to dissolve the injunction was given by the defendant prior to July 27, 1926, the matter seems not to have been pressed until November 4, 1926. On the

latter date counsel for defendant appeared and moved to dismiss on the ground that no process had been issued. Process, however, was issued at the request of counsel for the plaintiff, November 5, 1926, returnable to December Rules. Hearing was had on the motion on November 13th, and on the 20th the circuit court entered an order emphasizing therein that a præcipe had not been issued in the cause "at the time said motion to dismiss said cause and injunction was made." But the plaintiff was before the court with bill making a proper case for a mandatory injunction, undenied by answer or affidavit, together with process duly issued (if the latter be vital to the life of his suit), at the time the court acted on the motion. If the equity of the bill is abundant, and there is a clear necessity for the injunction to protect a clear right of the plaintiff, the injunction should not be dissolved because of delay in prosecuting the suit unless such delay amounts to gross negligence on the part of the plaintiff. 2 High on Inj. (4th ed.) §1490. It does not appear that the lapse of time has in fact changed the conditions and relative positions of the parties and that they are materially impaired by such delay. Every such case is governed by its own circumstances. *Wilson* v. *Wilson,* 41 Ore. 459, quoted with approval in *Snyder* v. *Bridge Company,* 65 W. Va. 1. This Court has treated a motion to dissolve and dismiss, on the grounds of delay, as a motion to speed the cause under penalty of dissolution. *Eskridge* v. *Thomas,* 79 W. Va. 332; *McCoy* v. *McCoy,* 29 W. Va. 790. Under the circumstances we think that the circuit court should have so treated the motion here. No proper showing was made by the defendant for a dissolution of the injunction or dismissal of the bill. The decree of November 20th, therefore, will be reversed, and a decree entered here reinstating the cause upon the docket to be determined according to the principals governing courts of equity.

*Reversed, and cause reinstated.*