# CHARLESTON.

## HOLLIE G. GATES *v.* JOSIE GATES

Submitted January 25, 1921.   Decided February 1, 1921.

1. DIVORCE—*Court Dissolving Marriage and Providing for Custody of Children May Modify Decree as to Custody.*

    By virtue of sec. 11 of ch. 64 of the Code, a court in which a marriage has been dissolved and provision made for the custody of the children of the parties to the suit, may properly entertain a petition for revision or alteration of the decree, in so far as it pertains to the custody of the children or any of them, provided it discloses conditions different from those obtaining at the date of the decree and showing the interests of the child or children will be promoted by such revision or alteration, notwithstanding the appropriateness of some other remedy. (p. 605).

2. SAME—*Habeas Corpus—Writ of Habeas Corpus and Rule in Divorce Cause Without Adjudication Held Not to Effect Court's Right to Entertain Petition to Change Custody of Children.*

    The previous award of a writ of *habeas corpus* at the instance of one of the parties, on which the custody of the child was changed, without an adjudication thereon, and of a rule in the divorce cause, at the instance of the other, to show cause against a change of custody, on which no adjudication was had, do not, nor does either of them, preclude right to entertain such a petition. (p. 605).

3. SAME—*Rule as to Plea of Another Suit Pending Held to Have No Application in Proceeding to Change Custody of Children.*

    Such rule having been awarded, and such petition filed, in the cause, the rules and principles governing a plea of another suit pending have no application. (p. 605).

4. SAME—*Application for Change of Custody of Children Held Addressed to Sound Discretion of Trial Court.*

Within the limitations of the law, an application for a change of the custody of a child, as between divorced parents, is addressed to the sound discretion of the trial court, and its award thereof will not be disturbed by the appellate court, unless it constitutes an abuse of or departure from such discretion. (p. 605).

Appeal from circuit court, Nicholas County.

Suit by Hollie G. Gates against Josie Gates for divorce. Decree for plaintiff, and subsequently defendant petitioned for a modification as to the custody of children. From a decree for petitioner, plaintiff appeals.

*Affirmed.*

*G. G. Duff,* for appellant.

*Brown, Wolverton & Ayres,* for appellee.

POFFENBARGER, JUDGE:

The decree complained of on this appeal was entered upon a petition filed in a suit in which an absolute divorce of the parties to it had been pronounced more than two years before the decree under review was entered. It awards the custody of a female child of the parties to the mother.

By a motion to quash the summons and a demurrer to the petition on which process had issued and been served as if it were a bill, the validity and appropriateness of the procedure were challenged. These attacks were predicated in part upon alleged former adjudication against the petitioner on a writ of *habeas corpus* and the pendency of a rule to show cause why the custody of the child should not be awarded to the mother, sued out some time before the petition was filed.

The decree of divorce was entered, June 4, 1917, and, by it, the custody of the three children was awarded to the father. Two of them were then with him, but this child was with the mother, and shortly afterward, a writ of *habeas corpus* was awarded the father for recovery of possession thereof. There never was an adjudication upon it. Armed therewith, a constable took the child from the mother and delivered it to the father.

The decree of divorce obtained by the husband restrained and forbade marriage by the divorced wife for a period of five years. After the lapse of more than two years, she applied to the court for modification of the decree so as to permit her to marry again and obtained it. The order making this modification awarded a rule against the former husband to show cause as aforesaid, which was served. A few days after the award and service thereof, the mother filed the petition above referred to and it was remanded to rules with leave to sue out process on it, and a summons issued on it and was served.

As the remedy by petition is expressly given by statute in such cases, sec. 11, ch. 64, Code, the appropriateness of another, *habeas corpus,* manifestly does not preclude resort to it. The Legislature may validly provide more than one remedy for a wrong.

No defect in the summons is perceived and none is pointed out.

Even, if there had been an adjudication on the writ of *habeas corpus,* it would not bar a subsequent proceeding for a change of the custody of the child, upon new and altered conditions, for the statute above referred to expressly authorizes the court in which a marriage has been dissolved, to "revise or alter" the decree, in so far as it fixes the custody of the children. For the same reason, the former adjudication in this suit, respecting the custody of the child in question, does not preclude the relief sought, if the grounds stated are sufficient. *Phillips* v. *Phillips,* 24 W. Va. 591; *Cariens* v. *Cariens,* 50 W. Va. 113.

As the rule was awarded, and the petition filed, in the same cause, the rules and principles governing a plea of the pendency of a former suit obviously have no application.

In so far as the demurrer to the petition is predicated on the facts stated in it, as showing conditions altered since the date of the decree of divorce, it was properly overruled. It charges that the child has been placed in the care of a woman who has separated herself from her husband and is living with the former husband of the plaintiff, and who is an unfit person to have its custody, care and control; that, since the entry of the decree and the modification thereof subsequently made, the peti-

tioner has married one D. L. Huggins and is so situated that she can properly care for the child; that the children are deprived of educational advantages, by reason of their situation; and that the privilege of visiting them, granted her by the decree, has been denied her by their custodians. Hence, it charges material changes of condition.

The answer denies misconduct on the part of the respondent and the woman in charge of his home, or in his employ, and avers the latter is employed, at $4.00 per week, to keep the house and care for the children, and gives them proper care and treats them well. It denies that she is a woman of bad repute and that she and the respondent are living together in an illegal manner, although the petition does not expressly charge these matters. It also denies that the children are not permitted to attend school and avers that the two boys do attend and that the little girl has not yet attained school age. It also invoked against the character of the petitioner, the adjudication of her guilt of adultery and lewd and lascivious conduct, within the period of her first marriage, and further charged that she had no home at the date of the filing of the petition and had been rding at places of bad repute.

The evidence submitted on the issues thus made is, in several material instances, highly contradictory and conflicting. The respondent owns and resides on land situated near enough to the town of Richwood to enable the two boys to attend school, and they do attend it. He conducts a pool-room in Richwood, and spends but little of his time at the residence. He is there once a week, usually on Saturday or Sunday, and sometimes more frequently. He feeds and clothes the children adequately, however, and pays his bills. There is considerable evidence of bad reputation on the part of the woman in charge of his house, but very little evidence of her mistreatment of any of the children. A witness swears the respondent has been under arrest on a few occasions, for gambling. At the inception of this proceeding, the petitioner and her husband neither owned nor rented a place of residence. They were boarding and he was earning $4.00 per day. He is industrious and willing to contribute to the support of the child. At the date of the entry

of the decree complained of, he was living with the petitioner in five rented rooms of a house, in which the owner retained the sixth room, and the latter boarded with them. He testified that the rooms were fairly well furnished and that the petitioner is a good house-keeper.

The decree is predicated largely on the theory of reformation of the mother, and, presumptively, the father's violation of the decree granting her permission to visit the children. As to the former ground, there is no conflict in the evidence. No witness suggests any improper conduct on the part of the mother, since her second marriage. As to the other ground, there is much conflict, and the court has found in favor of the petitioner. The father does not seem to give the children the attention formerly given them. His mother swears he formerly came home daily. Now he is there only once a week, ordinarily, and the court could well have found from the evidence, that the woman in charge of them has an unsavory reputation. The comparative ability of the parties to take care of the child is not at all conclusive. Many men support families of considerable size by their daily labor. We are unable to perceive any departure in the decree from the sound discretion vested in the court below. It was the province of the judge thereof, to pass upon the conflicting evidence. Besides, he had the parties before him and could avail himself of the aid afforded by their appearances, demeanor and conduct. If his disposition of the controversy should later appear to have been to the detriment of the best interests of the child, by reason of default in the undertaking of the mother, the same court can afford proper relief.

For the reasons stated, the decree complained of will be affirmed.

*Affirmed.*