# CHARLESTOWN.

## PHILLIPS v. PHILLIPS.

Submitted September 10, 1884—Decided September 20, 1884.

1. Where a petition is filed in a divorce case under section 11 of chapter 64 of the Code as amended by chapter 60 Acts of 1882, unless the defendant to the petition appear thereto in court, it should be sent to rules for process to be issued thereon and to be matured for hearing.  (p. 594.)

2. If such petition should be filed and no appearance be made thereto, and no process issued thereon it would be error upon such petition to enter any new decree against the petitioner or in his favor.  (p. 594.)

The facts of the case are stated in the opinion of the Court.

*H. C. Showalter* for appellant.

*P. W. Morris* for appellee.

JOHNSON, PRESIDENT:

In May, 1881, Sarah E. Phillips instituted her suit in equity against her husband, A. R. Phillips, in the circuit court of Ritchie county for a divorce *a vinculo* for adultery. The defendant did not answer the bill.  The charges being duly proved, on October 19, 1881, the court pronounced a decree divorcing the parties and providing that the mother should have the care and custody of their infant daughter, about five years old, and that the defendant should pay *thirty dollars* annually to the mother until the further order of the court toward the support of the child.  Leave was reserved in the decree to either party to apply by petition to the court from time to time for such further orders respecting the care, custody and maintenance of said child, as might be proper.

In 1883 the defendant filed his petition in said cause, referring to the former proceedings had therein and alleging that he had not only annually paid the thirty dollars required of him by said decree, but that he had given liberally to the plaintiff for her own individual use; that the said child is now about *seven* years old, and that her mother had taken her to Jackson county out of reach of defendant and placed her in the care and custody of strangers, and that the money he had paid under the requirement of said decree has not been appropriated to the maintenance of said infant child but the plaintiff has appropriated it to her own use and leaves the child uncared for and neglected in a great measure. Petitioner represents that he is well able to care for said child and is much better able to maintain her and give her an education than the plaintiff is; that the child is now coming to that age, when she should be sent to school. Petitioner is compelled to pay out of his hard earnings for the purpose of maintaining the child; and the same is being misapplied by the plaintiff, and the plaintiff is not competent for the care, custody and maintenance of the said child; that he lives in the county of Ritchie, within the jurisdiction of the court, has a home and property in said county, and can well furnish a good home for his infant child, and provide for all her wants and see that she receives a good education. He prays that said Sarah E. Phillips be required to answer the petition, and that the said decree may be so changed as to give him the care and custody of Anne L. Phillips, his infant child, and for general relief.

The court did not send the petition to rules to have process sued out thereon; nor did the said plaintiff answer said petition, and no appearance was made to the same, yet on the 27th day of June, 1883, the court entered a decree, in which it is recited that "this cause came on this day to be heard upon the petition of the defendant, and having been argued by counsel and having been maturely considered by the court, and it appearing as well from the petition filed as the proceedings in the former case of *Sarah E. Phillips* v. *Archibald R. Phillips*, that the said Sarah E. Philips was divorced from the said Archibald R. Phillips on the ground of adultery, which charge was fully proved against the said

Archibald R. Phillips, and that on the trial of the former case the said Sarah E. Phillips was then as now a resident of Jackson county and has not removed therefrom, and no grounds whatever appearing as to why the said Archibald R. Philips should be awarded the custody and care of the said minor child, Anne L. Phillips, the court is of opinion that he is not entitled to the care and custody of the said minor child." The court then proceeded to decree that the mother should have the care and custody of the child until the further order of the court, and further reciting, that "it further appearing from the petition of said petitioner, that he is abundantly able to contribute to the maintenance and support of the said Anne L. Phillips," proceeded further to decree "that the petitioner, Archibald R. Phillips, pay to the said Sarah E. Phillips, the mother, for the support and maintenance of said child annually, until the further order of this Court, the sum of fifty dollars, on the first day of January of each year; and the said Archibald R. Phillips shall pay for the year 1883 the sum of twenty dollars in addition to the sum of thirty dollars already decreed to be paid, and to pay to the said Sarah E. Phillips the further and additional sum of twenty dollars to compensate her for any sum expended for an attorney's fee or otherwise in her defence about the matter of this petition expended, and that she recover the said sum of twenty dollars from the said petitioner as well as her costs in this behalf expended; and it is ordered that the plaintiff have leave to sue out execution to enforce the recovery of said sum mentioned."

From this decree an appeal with *supersedeas* was granted.

Section 11 chapter 64 of the Code, (and chapter 60 of the Acts of 1882 does not change it in the matter in question here,) provides, that " upon decreeing the dissolution of a marriage and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree, as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them, and the care, custody and maintenance of the minor children, and may determine, with which of the parents the children or any of them may remain; and the court may from time to time afterwards, on the petition of either of the

parents, revise and alter such decree concerning the care, custody and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

It never was contemplated, that any such change should be made in favor of the one side upon the petition of the other without any appearance to the petition. Here the petition set up strong reasons, which, if true, might be sufficient to warrant a decree, that the wife should not have the custody of the child, even if it would not be proper to commit the child to the custody of the father. It had been a considerable time from the entry of the first decree before the petition was filed, and the father's circumstances as well as his character might materially have changed in that time. It certainly was without authority, that the court entered the second decree without any investigation into the truth of the petition. The court should have sent the petition to rules for process to be served and for the petition to be regularly matured for hearing, unless the defendant had appeared thereto in court, thus waiving the issuance of process.

The decree entered on June 27, 1883, is erroneous and must be reversed with costs to the appellant; and this cause must be remanded with instructions to send said petition to rules for process to issue thereon and to be matured for hearing, unless the said Sarah E. Phillips shall appear to the same.

REVERSED. REMANDED.