## CHARLESTON.

MYRTLE MARKS *v.* J. D. MITCHELL *et als.*

Submitted April 4, 1922.    Decided April 11, 1922.

1.  APPEAL AND ERROR—*Order Quashing Attachment Issued in Chancery Court Cannot be Corrected on Certificate.*

    An order quashing an attachment issued in a chancery cause if erroneous, can be corrected in this court only on appeal. It has no jurisdiction to make such correction upon certificate under the second paragraph of section 1, chapter 135, Code.  (p. 705).

2.  DIVORCE—*Where wife was Decreed an Absolute Divorce and Cause Dropped from Docket and Later Reinstated without Other Notice to Husband than Publication, an Alimony Decree then Rendered is Void.*

    A decree was entered granting an absolute divorce to the wife but nothing was stated therein as to the custody of the infant children of the parties or as to alimony for the wife and the cause was dropped from the docket; at a subsequent term, on motion of the wife the cause was reinstated on the docket, without notice to the husband, other than by order of publication, and a decree was then entered, awarding the custody of the children to the wife and also permanent alimony.    Such decree insofar as it awards alimony is void.  (p. 708).

3.  SAME—*Wife's Bill to Enforce Alimony Decree and for Necessaries Furnished Held Not Subject to General Demurrer, Although Based in Part on Void Decree.*

    Subsequently · the wife filed her bill to enforce her decree for alimony as a lien upon defendant's land and also to obtain a decree for necessaries furnished by her for the

support of the children, procured an attachment against the land and asked that it might be sold to satisfy both liens. Such bill is good as against a general demurrer, notwithstanding it is in part based on such void decree. (p. 707).

Case Certified from Circuit Court, Summers County.

Suit in chancery by Myrtle Marks against J. D. Mitchell, her former husband, and others, certified to the Supreme Court of Appeals and judgment asked on certain questions.

*Reversed, and demurrer overruled.*

*Adrian D. Daly,* for plaintiff.

*Thomas N. Read,* for defendant Iantha Mitchell.

MEREDITH, JUDGE:

By decree of the circuit court of Summers County, October 9, 1918, Myrtle Mitchell was granted an absolute divorce from J. D. Mitchell, the principal defendant in this cause. She has since remarried and institutes this suit under her present name of Myrtle Marks.    She and her first husband had two infant children, but in the original decree of divorce nothing was said as to their custody or maintenance, or as to alimony for the plaintiff.    Upon the entry of that decree, the cause appears to have been dropped from the docket. At a subsequent term, on March 11, 1919, the cause was reinstated upon the docket upon order of publication, the defendant being then a non-resident; he made no personal appearance in the subsequent proceedings; on that day the court entered another decree awarding the custody of the two children to the plaintiff and $50.00 per month as permanent alimony for the support of the plaintiff and the two children, and authorized execution to be issued therefor. On August 11, 1921, execution was issued for the amount then accrued under the decree, $1450, which execution was returned by the sheriff "No property found."

On August 13, 1921, the plaintiff instituted this suit in chancery against her former husband, J. D. Mitchell, by filing her affidavit for attachment for the sum of $1450, stating therein that the claim was for support and necessaries

furnished by her for defendant's infant children between March 11, 1919, and August 11, 1921, and that defendant impliedly promised to pay the same and that he was a non-resident. That same day the attachment was levied on his interest in a house and lot in Hinton, which he owned jointly with a brother and three sisters, subject to his mother's right of dower, and a notice of the pending suit was filed in the county clerk's office. No summons was issued in the cause until September 3, 1921, when process was issued for J. D. Mitchell, his mother, Iantha Mitchell, Fred Mitchell, Grace Mitchell, Maragaret Gwinn, Clara Grover, the First National Bank of Hinton and C. B. Bryant. The Bank, Iantha Mitchell, Grace Mitchell and Margaret Gwinn were personally served with process. At September rules an order of publication was awarded as to J. D. Mitchell, Fred Mitchell, and Clara Grover, and returned executed at October rules. Also on September 5, a second order of attachment was issued on which Iantha Mitchell and First National Bank of Hinton were summoned as garnishees. At the succeeding October term the Bank and one, W. H. Roberts, as garnishees, filed their answers, denying any liability to their co-defendant, J. D. Mitchell; from the record before us there is nothing to show that Roberts was summoned as a garnishee or made a party to the proceedings, but by order entered on November 4, the Bank and Roberts were each discharged from the suit.

On November 2, 1921, the cause came on to be heard upon the bill and exhibits, process duly executed on those personally served, order of publication as to the non-resident defendants and upon the attachment issued August 13th, the levy made thereon, together with the affidavit for the attachment, notice of *lis pendens* filed on August 13th and upon the demurrer of the defendant, Iantha Mitchell, to the bill, and upon the answer of Iantha Mitchell then filed, and general replication thereto, and upon the motion of Iantha Mitchell, Grace Mitchell, Margaret Gwinn and the First National Bank of Hinton to quash the attachment issued on August 13th, and upon the return and levy of the same; the court thereupon adjudged that the plaintiff's decree for per-

manent alimony entered in the divorce proceedings on March 11, 1919, was void because of defendant's want of personal service of notice of the reinstatement of the cause on the docket. The court also sustained the demurrer to the bill interposed by Iantha Mitchell and quashed the attachment issued on August 13th, on the ground that no process or summons was issued in this cause until September 3, 1921, and adjudged that the notice of *lis pendens* issued and recorded August 13th was not issued or recorded in a pending suit, the court in effect adjudging that the issuance of a foreign attachment without the issuance also of a summons or order of publication is not the commencement or institution of a suit and decreed that this suit was not pending as to the defendant, J. D. Mitchell, or any of the other defendants until September 3, 1921, that being the date of the issuance of the summons.

Thereupon the court certified to and asked the judgment of this court upon the sufficiency of the affidavit for the original attachment, the attachment order and return thereon, the second attachment and return thereon, the summons issued in the cause, the bill of complaint, the demurrer and answers to said bill, the order of publication issued at September rules, the decree of March 11, 1919, for permanent alimony, and the execution issued August 11, 1921, with the return thereon.

In this proceeding the court can not pass upon the order quashing the attachment. The court below as well as counsel for the parties seem to have overlooked the fact that under the first paragraph of section 1 of chapter 135, Code, an order quashing an attachment is an appealable order; such an order can not be reviewed in this court upon certificate as provided in the second paragraph of that section. In the case of *Heater* v. *Lloyd*, 85 W. Va. 570, 102 S. E. 228, Judge LYNCH says: "The effect of the provisions of that statute is to circumscribe, restrict and limit the right of this court to entertain and decide only questions immediately arising in the preliminary stages of a controversy, that is, mere interlocutory orders, not those fully and completely terminating the action or suit by final judgment or decree.

To obtain relief from an erroneous judgment or decree the party aggrieved must resort to the usual writs provided by law for that purpose, and not to those provided for a special purpose.'' To the same effect is the case of *Pittsburg and West Virginia Gas Co.* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714.

It will be observed that under the second paragraph of that statute this court in reviewing matters presented upon certificate of the trial court is limited in its jurisdiction to ''any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading.'' But where the trial court has passed upon the sufficiency of the summons or return of service or the sufficiency of a pleading and in doing so has entered an order which may be reviewed by appeal or writ of error as provided for in the first paragraph this court can review such order only by some one of the usual writs by way of appellate procedure.     For example, in the case of *Heater* v. *Lloyd,* it was held that this court might properly consider the correctness of the ruling of the trial court in sustaining a demurrer to a bill, but where the court has taken the further step and has dismissed the bill as to one or more of the parties defendant, such action because of its finality as to those dismissed from the suit, if erroneous, can not be corrected by this court as to those dismissed therefrom except upon appeal.     To the same effect is the holding in the case of *Gas Company* v. *Shreve.*     Inattention to this distinction by trial courts and counsel may defeat the very purpose of the second paragraph of the statute and lead to costly, if not fatal, delays.     This court will, therefore, not review the action of the circuit court in quashing the attachment; it has no jurisdiction to do so in this proceeding; it cannot review it except upon appeal.

We have also been asked to pass upon the sufficiency of the summons and order of publication.     They appear to be regular upon their face and no objection has been made to either in that respect.     But in that connection we are asked to determine whether the commencement of the suit dates from the issuance and levy of the attachment, August

13th, or from the issuance of the summons, September 3rd.
This is the key to the whole case, as it appears from Iantha
Mitchell's answer that subsequent to the levy of the attach-
ment and recording of the *lis pendens* and before September
3rd, the date of the summons, J. D. Mitchell conveyed his
interest in the lot levied on to one, W. H. Roberts, and the
question arises whether Roberts is bound by that recorded
notice.    Was that a notice in a pending suit?    Plaintiff
did not challenge the sufficiency of the answer of Iantha
Mitchell but merely replied to it generally.    Therefore, this
question no where arises upon the sufficiency of any summons
or return of service, or challenge of a pleading so as to give
this court jurisdiction to determine the matter upon certi-
ficate.    *Tyler* v. *Wetzel*, 85 W. Va. 378, 101 S. E. 726.

As the court sustained the demurrer of Iantha Mitchell to
the bill, but did not enter a final order dismissing it, this
court can upon certificate pass upon the sufficiency of the
bill.    Plaintiff's bill is based upon, first, her decree for ali-
mony entered in the divorce suit, amounting to $1450, and
there is exhibited therewith a copy of that decree; second,
upon her account or claim for $1450 for necessaries expend-
ed by her for the support of defendant's children between
the 11th of March, 1919, and the  institution of this suit,
supported by the order of attachment issued in the cause and
the levy made thereon.    The order of attachment and levy
are exhibited with the bill.    Plaintiff not only alleges that
her decree for permanent alimony is a binding and subsisting
lien upon the real estate of the defendant, J. D. Mitchell, but
also that her attachment for the sum of $1450 for neces-
saries furnished his children is a binding and subsisting lien
on said real estate.    The bill shows that James Mitchell, the
father of J. D. Mitchell, died intestate in 1920, leaving as
his only heirs the defendants, J. D. Mitchell, Fred Mitchell,
Grace Mitchell, Margaret Gwinn, Clara Grover and Iantha
Mitchell, his widow, and at the time of his death he was the
owner in fee of a lot in the city of Hinton; that J. D.
Mitchell is the owner of an undivided one-fifth interest in said
lot, subject to the dower interest of Iantha Mitchell.    The
bill further alleges that the First National Bank of Hinton

obtained a judgment against J. D. Mitchell and C. B. Bryant, his surety, in 1911, but that this judgment has been paid, and that there are no liens against the defendant, J. D. Mitchell's real estate, other than the liens held by the plaintiff; that the rents, issues, and profits from his real estate will not in five years be sufficient to pay off and discharge the liens thereon and the costs of suit, and plaintiff prays for a decree fixing the amount of her debt against the defendant, J. D. Mitchell, and for a reference to ascertain the liens and priorities against his real estate and for a sale thereof to pay off and discharge the liens and for general relief.  Upon demurrer, counsel for Iantha Mitchell point out that the decree for permanent alimony, amounting to the sum of $1450 at the institution of this suit, being one of the claims upon which this suit is based, is void, and that the bill and the exhibit of that decree so show on their face. We think that is true; there was no personal service upon the defendant, J. D. Mitchell, nor appearance by him in the original divorce suit after the cause had been dropped from the docket which would warrant the court to enter a personal decree against him for the payment of alimony.    From the time the cause was dropped from the docket J. D. Mitchell was not personally in the case; this record does not affirmatively show that he was personally served with summons at any stage of the suit for divorce but even had he been served in person or had he appeared in the original divorce proceedings up to the entry of the final decree granting the divorce on October 9, 1918, that decree was final.    After the adjournment of that term the court had no jurisdiction to modify the decree so as to enter a decree for alimony without personal service of notice to the defendant or by his appearance in the subsequent proceedings. *Phillips* v. *Phillips,* 24 W. Va. 591. ' See also *McCoy* v. *McCoy,* 9 W. Va. 443; *Coleman* v. *Waters,* 13 W. Va. 278; *Barrett* v. *McAllister,* 33 W. Va. 738, 11 S. E. 220; *Fowler* v. *Lewis,* 36 W. Va. 112, 14 S. E. 447; *Dixon* v. *Dixon,* 73 W. Va. 11, 79 S. E. 1016. We have no hesitation in saying that the decree entered March 11, 1919, insofar as it adjudged alimony to the plaintiff, is void.

But counsel for defendant overlook one vital matter in the bill; plaintiff also claims the sum of $1450 for necessaries furnished to the two infant children of the defendant, J. D. Mitchell, and for which the bill alleges the defendant is liable to the plaintiff, and to recover which she sued out her attachment.    The fact that she may claim to have a decree for the same debt or account does not destroy the effect of her averment in the bill that the defendant owes her this debt on account, besides it does not affirmatively appear that the decree for alimony and the claim for necessaries furnished the children represent one and the same claim.    If the plaintiff had not mentioned in her bill the decree of March 11, 1919, there could be no question but that her bill properly made out a case against the defendant, J. D. Mitchell. There is no averment in the bill showing the necessity or propriety of making Iantha Mitchell a party thereto. She was probably made a party because of her dower interest in the real estate owned by James Mitchell in his lifetime, and in which the defendant, J. D. Mitchell, had a one-fifth interest, subject to her dower, but in a suit of this character we can see    no necessity or propriety in making her a party on that account.    She was also summoned as a garnishee under the second order of attachment but there is no averment in the bill showing her    liability to the defendant, J. D. Mitchell, for any debt, or for any effects of J. D. Mitchell in her hands, so the action of the court would have been proper in sustaining the demurrer had it limited its action to her interests, but the court sustained the demurrer to the whole bill and adjudged that the bill was not sufficient in law; we think the bill is a good    bill    as to the defendants,    J. D. Mitchell, First National Bank of Hinton, and C. B. Bryant, and the court erred in sustaining the demurrer of Iantha Mitchell to the whole bill.    Besides, she has no legal interest in the controversy between the plaintiff and J. D. Mitchell which would entitle her to enter a demurrer in that respect. The bill is sufficient as to the defendants, J. D. Mitchell, First National Bank of Hinton and C. B. Bryant, and the demurrer should have been overruled, and the action of the

circuit court in sustaining the demurrer will be reversed, and it will be so certified.

*Reversed, and demurrer overruled.*