WILLIS LEE SAUNDERS

*v.*

EDNA L. SAUNDERS

(No. 9836)

Submitted September 10, 1946. Decided October 1, 1946.

*Richard E. Davis,* for appellant.

*Clarence Roby* and *John D. Downes,* for appellee.

RILEY, JUDGE:

This is a suit for divorce brought in the Circuit Court of Monongalia County upon an order of publication. Willis Lee Saunders, plaintiff, was awarded a divorce apparently on the ground of abandonment and desertion. Edna L. Saunders, a non-resident, the defendant, within a two-year period following said divorce decree appeared for the first time and had the cause reopened on her petition. From a subsequent decree sustaining plaintiff's plea in abatement to and dismissing defendant's petition, the latter prosecutes this appeal and supersedeas.

The parties to this suit were married in 1920 in Norfolk, Virginia, and from that time until they separated in 1937 had resided in Pittsburgh, Pennsylvania. Plaintiff took up his residence in Morgantown, West Virginia, on June 3, 1941. Plaintiff brought this suit in the Circuit Court of Monogalia County on August 26, 1942, and a decree granting him a divorce. was entered on October 28, 1942.

The bill of complaint alleged, in part, that plaintiff "is now, and has been for more than one year, next preceding the institution of this suit, a resident and actual bona fide citizen of" Monongalia County, West Virginia; that on July 23, 1937, "plaintiff was forced to cease living and cohabitating with this defendant because of cruel and inhuman treatment"; and "that for the past five years the

said defendant has absented herself from this plaintiff and still remains in open and complete desertion from his place of abode." The affidavit for order of publication states "that the defendant is a non-resident of this state and her address is at this time unknown to the plaintiff."

In 1943 plaintiff appeared on at least two occasions in the Superior Court of Pennsylvania, Pittsburgh Division, in a proceeding styled Commonwealth, Ex Rel Edna Saunders, Appellant, vs. Willis Lee Saunders. On February 3, 1942, plaintiff filed his petition asking that the order to pay prosecutrix $9.00 a week and $2.00 a week on arrearages for the support of his wife and child, be vacated by reason of the fact that a divorce had been granted him in the Circuit Court of Monongalia County, West Virginia, on October 28, 1942. A rule was thereupon issued against prosecutrix to show cause why the prayer of the petition should not be granted. At a hearing on December 20, 1943, the "divorce decree" was admitted in evidence with testimony of Willis Lee Saunders.

On October 18, 1944, defendant appeared before the Circuit Court of Monongalia County and tendered her petition praying that the divorce decree of October 28, 1942, be set aside and the cause reopened and reheard; and that she be permitted to make defense to the bill of complaint. On the same day the circuit court ordered that the petition be filed; that the cause be reopened and reheard; that the cause be reinstated on the docket and defendant permitted to answer the bill; that the cause be properly matured for hearing; that defendant be required to file a bond for costs; and that a copy of this decree be served upon Willis Lee Saunders. A few weeks later defendant tendered her answer, which was also filed. The return noted on the copy of the decree of October 18, 1944, filing petition to rehear and directing service of a copy on plaintiff, bears the notation: "The within named Willis Lee Saunders is not found in my bailiwick

October 26, 1944." In a subsequent pleading, plaintiff admitted that a copy was served on him on July 5, 1945.

Plaintiff appeared specially on September 25, 1945, and moved to dismiss the petition for rehearing and declare the order filing same void and of no effect. At the same time a motion in arrest of judgment and a plea in abatement to the suit were filed on behalf of defendant. On October 8, 1945, plaintiff's motion to dismiss defendant's petition for rehearing was overruled over his objection and exception. Thereupon plaintiff tendered his motion in writing to strike petition and vacate the order of October 18, 1944, on the ground that no process was served on plaintiff and the court was therefore without jurisdiction. The motion was overruled as to the petition to rehear, and sustained as to the filing of the answer. Plaintiff objected as to the part overruled, and tendered his plea in abatement to defendant's petition for rehearing in which it was alleged that "on or about the 3rd day of February, 1943, in Pittsburgh, Pennsylvania, in the County Court of Allegheny County, a copy of said decree was, in effect, served on the said defendant, and again in the same Court on December 20, 1943, the defendant contested the validity of said decree with this plaintiff and respondent, wherefore the plaintiff and respondent says that she was served with a copy of said decree more than eight months before the end of two years after its entry". This was filed over defendant's objection and disposition of the plea was continued to a later day.

On December 3, 1945, the plaintiff, appearing specially and on leave of court, withdrew his plea in abatement and requested that the cause be properly matured before further action. The court overruled the request. On defendant's motion the cause was set down for hearing at January regular 1946 term. Plaintiff was then permitted again to file his plea in abatement to defendant's petition for rehearing. Issue being joined on the plea the hearing was set for December 17, 1945. On the last-mentioned date evidence was taken, the plaintiff putting in

excerpts of the Pennsylvania proceeding in 1943, in which the divorce decree had been mentioned and admitted in evidence. The court after consideration of the testimony was of opinion that the same sustained plaintiff's plea in abatement, and sustained the same, and dismissed the defendant's petition for a reopening and rehearing. To the foregoing the defendant objected. The defendant not being in court, the court declined to pass on other pleadings filed on behalf of defendant. And he also declined defendant's request for an opportunity to file an amended petition.

Code, 56-3-26, permitting rehearing in cases of non-personal service, provides: "Any unknown party or other defendant who was not served with process in this State, and did not appear in the case before the date of such judgment, decree or order, or the representative of such, may, within two years from that date, if he be not served with a copy of such judgment, decree or order more than eight months before the end of such two years, and if he was so served, then within eigth months from the time of such service, file his petition to have the proceedings reheard in the manner and form provided by section forty-three, article seven, chapter thirty-eight of this Code, and not otherwise; and all the provisions of that section are hereby made applicable to proceedings under this section." Section 43, mentioned in the preceding statute, provides in part: "If a defendant against whom, on publication, a judgment or decree has been or shall hereafter be rendered, in an action, suit * * * or the personal representatives of such defendant shall return to, or appear openly in this State, he may, within one year after a copy of such judgment or decree has been or shall be served upon him, at the instance of the plaintiff, or within two years from the date of such judgment or decree, if he be not so served, petition to have the proceeding reheard. On giving security for the costs * * * such defendant shall be admitted to make defense against such judgment or decree, as if he had appeared in the case before the same was rendered, * * *."

The case of *Bacon* v. *Bacon*, 68 W. Va. 747, 70 S. E. 762, held that under Code, 1906, Chapter 124, Section 14, that the defendant in a divorce suit, who was personally served with process in another state and who did not appear and was not served with a copy of the decree may within the period provided by the then statute file a petition for rehearing. And because under Code, 1931, 56-3-25, personal service of a summons, *scire facias*, or notice made on a nonresident defendant outside the State has the same effect, and no other, as an order of publication duly published against him, the *Bacon* case is in point with the case at bar.

It should be noted that Code, 56-3-26, and Code, 38-7-43, require service of a copy of the decree or judgment upon the defendant. The proffer of a copy in support of a defense in a separate suit, or its introduction in evidence therein, as set forth in the plaintiff's plea in abatement, is manifestly insufficient. Service of a copy of the divorce decree is required, and nothing short of that will suffice. This service, in our opinion, should conform to that required of a notice. "A notice * * * may be served by delivering a copy thereof in writing to the party in person; * * *." Code, 56-2-1. And there should be indorsed thereon a return showing the fact of its execution. In view of our construction of the statutes hereinbefore quoted, it is clear that the defendant had two years in which to ask for a reopening and rehearing.

Cross error is assigned in plaintiff's brief to the trial court's action in overruling the motion to strike out defendant's petition to rehear on the ground of "no process". The position is advanced that the service of July 5, 1945, eight months after the expiration of the two-year period, came too late, and therefore was ineffective as process. The provisions of the Code, hereinbefore set out *in extenso*, which accorded defendant the absolute right to appear and make defense within the time and the manner prescribed therein, make no mention of notice or process. However, plaintiff's right to a reasonable notice before a hearing on the merits of any proceeding af-

fecting his person or property is well recognized in this jurisdiction. *Harloe* v. *Harloe,* 129 W. Va. 1, 38 S. E. 2d 362; *Fowler* v. *Lewis' Admr.,* 36 W. Va. 112, 137, 14 S. E. 447; *Evans* v. *Johnson,* 39 W. Va. 299, 303, 19 S. E. 623, 23 L.R.A. 737; *Baltimore & Ohio Railroad Co.* v. *Pittsburgh, W. & K. R.,* 17 W. Va. 812, 835. Being of opinion that the service, although not within the two-year period, was timely, the trial court's action in overruling plaintiff's motion to strike was proper.

It is contended by the defendant that the record shows the trial chancellor was without jurisdiction over the divorce proceedings. The evidence indicates that the cause of action arose outside the State. Under such a state of facts a party relying on abandonment and desertion may not maintain a suit for divorce unless "one of the parties has, since the cause of action arose, become an actual bona fide resident of this State and has continued so to be for at least two years next preceding the commencement of suit, and, in addition, it be shown either that the alleged cause for divorce was recognized, in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for absolute divorce or for the same relief asked for in the suit in this State, or that the alleged cause of action arose more than five years before the commencement of suit * * *." Code, 48-2-8(c). The bill of complaint in the instant case merely alleges more than one year's residence, and the evidence in support shows only thirteen months. On the remand the circuit court should address its attention to the jurisdictional question.

In our opinion, defendant's petition for a rehearing was timely filed, and the circuit court committed reversible error in dismissing it.

*Reversed and remanded.*