**Wandschneider v. Romascavage**

*Edwin Krawitz,* for plaintiff.
*George Westervelt Jr.,* for defendant.

WILLIAMS, *S.J.,* September 29, 1983—Counsel for defendant Leo S. Romascavage has appeared specially to present the instant preliminary objections to a complaint in equity filed against him on September 16, 1982, by plaintiff Mary Ann Wandschneider. The record shows that two attempts to serve defendant with process were made by the sheriff's department. In a return filed on September 7, 1982, the sheriff had been instructed to serve a Summons in Equity upon "Leo S. Romascavage, Route 209, Brodheadsville, Pa.," with the further description of the location: ". . . [A]cross from Arco Station; two houses down from Giorgio's — white house on slope (should be a 1982 Chevy there BWE 106 license number)." Deputy Sheriff John W. Bensley reported that he served the process upon "Elizabeth E. Romascavage, Power of Attorney for Leo S. Romascavage, Box 245, Rt. 209, Brodheadsville, Pa." on September 8, 1982, at 1:30 p.m. In a return filed on September 17, 1982, the sheriff had been instructed to serve a complaint in equity upon "Elizabeth E. Romascavage, Power of Attorney for Leo S. Romascavage, Route 209 Brodheadsville, Pa.", with the further instructions: "September 8, 1982, John Bensley serve Elizabeth E. Romascavage power of attorney for Leo S. Romascavage at Box 245 Rt. 209 Brodheadsville, Pa." Deputy Sheriff John Bensley reported that he had done so on September 20, 1982, at 11:15 a.m.

It is apparent that defendant's attack upon the attempted service is two-pronged: as a demurrer — the preliminary objections are so captioned; and in effect, as a petition raising a question of jurisdiction, pursuant to Pa. R.C.P. 1017(b)(1), wherein defend-

ant seeks to introduce new factual material not otherwise apparent upon the face of the record.

Addressing first the demurrer, we note that the method for effecting service of process is prescribed by Pa. R.C.P. 1009 (b):

"(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the *residence of the defendant* to an *adult member* of *the family* with which he resides; but if no adult member of the family is found, then to an *adult person in charge* of such residence; or

(ii) at the *residence of the defendant* to the *clerk or manager* of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any *office or usual place of business* of the defendant to his *agent* or to the *person for the time being in charge thereof.*

"(c) Service upon the following individual defendants may also be made as provided by the following rules: an incompetent, Rule 2055; a non-resident or a person who conceals his whereabouts, Rule 2079; a partner, Rule 2131; an additional party, Rule 2254." (Emphasis supplied.)

The deputy sheriff, in making his two returns, confined his report to facts within his personal knowledge, and thus immune to contradiction by extrinsic evidence: Vaughn v. Love, 324 Pa. 276, 279, 188 A. 299, 300, 301 (1936). They may be summarized: (1) at Box 245, Route 209, Brodheadsville, Pa., service of the summons in equity was made on September 8, 1982, at 11:15 a.m., (2) at Box 245, Route 209, Brodheadsville, Pa., service of the complaint in equity was made on Sep-

610

tember 20, 1982, at 11:15 a.m., (3) each of these services was made, not upon defendant, but upon a woman who identified herself as Elizabeth E. Romascavage, and (4) Elizabeth E. Romascavage represented that she had a power of attorney from defendant, Leo S. Romascavage. These facts, without supplementary explanation by extrinsic evidence, are insufficient to establish that valid service pursuant to Pa.R.C.P. 1009 (b) was made. The deputy sheriff did not have personal knowledge — nor did he so represent in his returns — that the Box 245 address was either the *residence* of defendant — see Pa.R.C.P. 1009(b)(2)(i) and (ii) — or his *office* or *usual place of business* — see Pa.R.C.P. 1009(b)(2)(iii); that Elizabeth E. Romascavage was either an *adult member of the family* with which defendant resides, or an *adult person in charge* of defendant's residence — see Pa.R.C.P. 1009(b)(2)(i); or that the power of attorney, which Elizabeth E. Romascavage claimed to have, contained an authorization to accept service of process on behalf of defendant, Leo S. Romascavage. Accordingly, the demurrer will be sustained.

In effect, although not so denominated, these preliminary objections are a petition raising a question of jurisdiction. The petition was duly verified pursuant to Pa.R.C.P. 1024 (c) because Elizabeth E. Romascavage, although not a party, made the affidavit based upon matters within her personal knowledge. She averred:

"3. At the time of service on Elizabeth Romascavage, defendant did not reside with Elizabeth Romascavage at Box 245, Brodheadsville, Pa. Defendant had not resided at that address for five and one-half years.

"4. Elizabeth Romascavage is no longer the wife of defendant and has not been since a decree in di-

vorce was granted by your honorable court on July 10, 1980, at no. 1341, June term 1979."

These averments, uncontradicted by any answer filed by plaintiff, constitute positive extrinsic evidence that no valid service under Pa. R.C.P. 1009 (b) had been made for the reasons that the place of service was *not* defendant's residence, and the person upon whom the service was made bore *none* of the requisite relationships to defendant. It becomes apparent that any validity, if it exists, must be found in the provisions of the power of attorney, a copy of which is attached to plaintiff's argument brief. We emphasize that counsel's brief is not an appropriate vehicle for bringing new factual material upon the record: Commonwealth v. Stanton, 294 Pa. Super. 516, 621, 522, 440 A.2d 585, 588 (1982).

Here, counsel for the parties have stipulated that the copy of the power of attorney attached to plaintiff's brief is correct, and that the court may consider it in arriving at a disposition of this case.

Two questions are presented: (1) May the service of process, which fails to conform to the method prescribed by law, be validated by conformance to the provisions of a power of attorney executed by defendant? (2) If so, does the power of attorney presented in *this* case authorize acceptance of service by Elizabeth E. Romascavage on behalf of defendant, Leo S. Romascavage? The first question may be answered in the affirmative: Continental Bank v. Brodsky, 225 Pa. Super. 426, 430, 311 A.2d 676, 678 (1973). There, defendant had executed a surety agreement with plaintiff bank which expressly provided:

"Undersigned and each of the Undersigned consent to the exclusive jurisdiction of the Courts of the Commonwealth of Pennsylvania in any and all actions and proceedings whether arising hereunder or

under any other agreement or undertaking and *appoint in any and all such actions and proceedings any employee of BANK as agent for each of Undersigned for service of process,* which appointment shall be irrevocable and shall not be terminated or affected in any manner whatsoever by any modification, extension, renewal or termination of this Agreement, conditioned that all papers served upon said Agent be forwarded to Undersigned." (Emphasis supplied.)

Plaintiff bank filed a complaint in assumpsit on the agreement against defendant, who then was residing at 907 North Rexford Drive, Beverly Hills, Ca. A vice-president of the bank accepted service on behalf of defendant and immediately forwarded to him a copy of the complaint. The lower court sustained preliminary objections, and dismissed the complaint for lack of jurisdiction on the ground that the Pennsylvania Rules of Civil Procedure make no provision for service on an individual by serving his appointed agent. On appeal, the Superior Court reversed, and Judge (later, President Judge) Jacobs said:

". . . [W]e are of the opinion that the complaint in this case need not be served in the manner authorized by the Pennsylvania Rules of Civil Procedure. Since a defendant may consent to jurisdiction of his person and since he may waive defects in such service, (footnote omitted) he may certainly consent to the jurisdiction of the court over his person without exacting performance of the usual legal formalities as to service of process. 20 Am. Jur. 2d Courts §143 (1965).

For a Federal decision in accord, see AAMCO Automatic Transmissions Inc. v. Hagenbarth, 296 F. Supp. 1142 (E.D., Pa., 1968).

The second question will be answered in the negative. Unlike the power of attorney in Continental Bank v. Brodsky, supra, the power of attorney here presented confers no express power to accept service of process. Such power, if indeed it exists, must be derived by inference from other language in that document. The power of attorney contains 12 paragraphs, of which two are selected for their potential significance:

"7. To commence, prosecute, discontinue or *defend* all actions or other legal proceedings touching my estate or any part whatsoever, or touching any matter in which I or my estate may be in any wise concerned. . . .

"10. In general, to do all other acts, deeds, matters and things whatsoever in or about my estate, property and affairs and things herein, either particularly or generally described, as fully and effectually to all intents and purposes as I could do in my own proper person if personally present, giving to my said attorney power to make and substitute under him an attorney or attorneys for all the purposes herein described, hereby ratifying and confirming all that the said attorney or substitute or substitutes shall do therein by virtue of these presents." (Emphasis supplied.)

Commenting upon the construction of powers of attorney in Patmore v. Lizotte, 3 D.&C. 3d 161, 164, 165 (C.P. York Co., 1977), Judge Buckingham said:

". . . [T]he authority expressly granted an agent should be strictly construed, and a power of attorney, letter of attorney or agent's written authority should be strictly interpreted confining the authority to that which is given [a] in express terms or [b] *necessary and proper to carry it into effect unless the contrary is clearly intended:* Schenker v. Indemnity Insurance Company of North America, 340

Pa. 81, 16 A.2d 304 (1940); Solis v. Harr, Sec'y of Banking, 325 Pa. 100, 188 Atl. 845 (1937); Culbertson, Receiver v. Cook, 308 Pa. 557, 162 Atl. 803 (1932); Cardon's Estate, 278 Pa. 153, 122 Atl. 234 (1923); Campbell v. Foster Home Association, 163 Pa. 609, 30 Atl. 222 (1894); Duncan v. Hartman, 143 Pa. 595, 22 Atl. 1099 (1891); Gross v. Kincaid, 83 Pa. Super. 514 (1924). See generally 1 P.L.E. 544 section 93.

"Between two constructions, one of which enlarges the powers and the other of which restrains them to the language used, a court will adopt the latter construction: Stokes v. Dewees, 24 Pa. Super. 171 (1904).

. . .

"Lastly, *where the power of attorney first refers to special powers and later refers to general powers, the general words must be restricted to the transactions out* of the special business to which the power of attorney first referred: Mott v. Kaldes, 288 Pa. 264, 135 Atl. 764 (1927); Zidek v. Forbes National Bank, 159 Pa. Super. 442, 48 A.2d 103 (1946), Califf v. First National Bank of Towanda, 37 Pa. Super. 412 (1908). . . . " (Bracketing and emphasis supplied.)

Accordingly, the extremely broad general powers found in paragraph 10 of the instant power of attorney will be restricted to such acts as are either necessary or appropriate for carrying out the special purposes represented in Paragraph 7 — the prosecution and *defense* of legal proceedings. From the point of view of Defendant, the acceptance of service of process, made in a manner not prescribed by law, certainly is not "necessary." Furthermore, it is not "appropriate" because the validation of such service would subject defendant to legal proceedings to which, otherwise, he would not be vulnerable — the

very antithesis of *defense,* the function entrusted to Elizabeth E. Romascavage by defendant in Paragraph 7. This rationale finds support in 72 C.J.S., Process, section 31 at page 1035:

"A power of attorney to institute, prosecute, defend, and dispose of actions, suits, or other proceedings, or otherwise engage in litigation in connection with the premises, does not authorize service on the attorney in fact of process required as the basis of a suit against the grantor of the power.[70]" [70. Harloe v. Harloe, 129 W. Va. 1, 38 S.E. 2d 362; Foglia v. Miscuk, 110 P.L.J. 337] In Harloe v. Harloe, 129 W. Va. 1, _____, 38 S.E. 2d 362, 364 (1946), cited supra, Weldon H. Harloe had been divorced from his wife, Edith Peck Harloe, by a decree which awarded custody of their four children to the father. Shortly thereafter, Weldon H. Harloe was inducted into the military service. He executed a power of attorney to his mother, Effie Harloe, which read: "To institute, prosecute, defend, compromise, arbitrate and dispose of legal, equitable, or administrative hearings, actions, suits, attachments, arrests, distresses or other proceedings, or otherwise engage in litigation in connection with the premises." While Harloe was still in the service, stationed temporarily in the State of California, his ex-wife filed a petition in chancery seeking custody of the children, and caused the issuance of a summons which was served upon Effie Harloe as attorney in fact. An attorney appeared specially for Harloe and filed a plea in abatement challenging the validity of service. The lower court overruled the plea, but the Supreme Court of Appeals reversed and Judge Fox said:

"The clause of the power of attorney on which they rely has been quoted above. That clause confers upon the attorney in fact power to defend, set-

tle, and compromise suits, and generally to protect the interests of the person executing the power of attorney; but the powers granted to the attorney in fact were intended to enable her to protect the interests of the grantor of the powers. Clearly, the paper was executed for the purpose of placing the attorney in fact in position to protect the party who executed it. We do not think it should be construed to include the right, on the part of the attorney in fact, to embroil the maker thereof in litigation in which vital interests might be conclusively determined against him."

More recently, in Foglia v. Muscuk et al., 110 P.L.J. 337, 339 (C.P. Allegheny Co., 1962), plaintiff managed a property on Shadeland Avenue in Pittsburgh, which he and a number of defendants — including Teresa Maria Peeler and Elizabeth Anna Zavolta — owned as tenants in common. When plaintiff brought an action in assumpsit for commissions, Peeler was a resident of Bisbee, Ariz. Plaintiff caused process to be served upon Zavolta as agent for Peeler, who had given a power of attorney. Preliminary objections were filed in which Peeler challenged the validity of service upon her.

The court sustained the objections, and Judge Alpern said:

"Nor is there any validity to the plaintiff's position that service on Elizabeth Anna Zavolta, who held an attorney in fact authority from defendant Peeler, was sufficient to meet the requirements of service. Defendant Zavolta, the holder of the power of attorney, is resisting the suit of the plaintiff in her own right. The grantor of the power of attorney had not specifically authorized her to accept the jurisdiction of the court in Allegheny County. The power of attorney to defendant Zavolta contains the following language:

'. . . for all matters pertaining to the real estate known as 2905 and 2907 Shadeland Avenue, Pittsburgh, Pa.; . . . and to defend, commence or prosecute unto final judgment and execution any suit or suits, action or actions which she shall deem proper or necessary in relation to said real estate and retain counsel as she sees fit.'

"This language does not contain express authority for acceptance of service in an action in personam to recover a debt. Had this been an action arising out of injury on the property, the statutory act affecting nonresident holders of real estate might have controlled. The power of attorney does not confer the right to accept the jurisdiction of this court in an assumpsit action. Express authority of the grantor of the power of attorney would be necessary.

"Defendant Zavolta is not an 'agent' within the meaning of Rule 1009 of the Pennsylvania Rules of Civil Procedure. . . ."

In the light of these authorities, it is clear that the two attempts at service of process in this case were invalid. The preliminary objections will be sustained.

## ORDER

And now, this September 29, 1983, it is ordered as follows:

1. Service on the summons in equity made on September 8, 1982, is set aside.

2. Service of the complaint in equity made on September 20, 1982, is set aside.

3. Plaintiff's complaint in equity is dismissed, without prejudice, for lack of jurisdiction in personam.